IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOEL BAKER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 14-CV-01117-DW |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN MARIETTA MATERIALS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is the Plaintiffs' Motion to Remand (the "Motion"). See Doc. 81. The Motion is fully briefed and ready for resolution. See Docs. 82, 88, 89. The Eighth Circuit previously held that this Court lacks federal-question jurisdiction over this case. After reviewing the record, the Court finds that Defendants have failed to present new or additional grounds that would support federal jurisdiction. Consequently, and as explained below, the Motion is GRANTED and this case is remanded to the Circuit Court of Jackson County, Missouri.

## I.

Prior orders have chronicled the "convoluted history" and "tortured background" of this case. See Case No. 11-CV-00862-DW, Doc. 128 (Order dated 12/16/2011). As a result, only those points necessary to resolve the Motion are discussed below, and they are simplified where possible. The following facts are primarily taken from the Court's Order dated December 16, 2011, without further quotation or attribution unless otherwise noted.

### A.

On February 1, 2007, the City of Greenwood, Missouri ("Greenwood") enacted an ordinance that prohibited commercial vehicles from using a city street unless the street was

designated a "Commercial Use Route." This ordinance prevented Defendants' quarry trucks from using the so-called Second Avenue route. The Second Avenue route provides access to and from a quarry owned and/or operated by Defendant Martin Marietta Materials, Inc. ("MMM") and Missouri Highway 150.

MMM and Hunt Martin Materials, LLC ("HMM") believed the ordinance was unconstitutional and filed suit in this Court (the "First Federal Action"). Greenwood argued that the ordinance was "necessary to protect the health and safety of its citizens, especially those who reside along the Second Avenue route." This Court rejected that argument, and found that "at trial Greenwood was unable to produce any evidence of safety issues related to truck traffic." As a result, the Court struck down the ordinance under the dormant Commerce Clause. The Court also issued a permanent injunction (the "Permanent Injunction") that prohibited Greenwood from enforcing the ordinance. Greenwood, MMM and HMM subsequently entered into a settlement agreement. The agreement provided that quarry trucks could use the Second Avenue route.

**B.**

On July 29, 2011, and after resolution of the First Federal Action, 18 individual Plaintiffs filed this suit against MMM, HMM and other trucking companies in the Circuit Court of Jackson County, Missouri (the "Pending Case"). These individuals own and/or live in homes along the Second Avenue route, and their claims are similar to those raised and decided in the First Federal Action. By way of example, the Plaintiffs allege that the "Quarry Trucks represent a continuous and significant safety hazard to Plaintiffs and their family members who live with them." See Doc. 1-36, at ¶ 48. The Plaintiffs only assert state-law claims, and the parties are not diverse.

On August 31, 2011, Defendants removed the Pending Case to this Court. See Case No. 11-CV-00862-DW, Doc. 1. Defendants argued that federal-question jurisdiction existed because

"[w]hether Defendants' activities are within the scope of this Court's prior orders, whether Defendants' conduct is protected conduct under the Commerce Clause and this Court's injunction, and whether Plaintiffs' claims are in fact an attempt to evade Defendants' protections under the Commerce Clause and this Court's prior orders through a state law claim, will be substantial questions, among others, in this action that must be decided under federal law." Id., p. 7. The Plaintiffs responded by filing a motion to remand.

In an Order dated December 16, 2011, the Court denied Plaintiffs' motion to remand. The Order explained that "despite this Court's Permanent Injunction, the Plaintiffs here allege in part that 'Defendants' use of the Second Avenue Route and/or the Greenwood Quarry is unreasonable.' In other words, a significant issue will be whether the Defendants' 'use of [Second Avenue] exceeded' the scope and purpose of the Permanent Injunction. The claims in this case thus raise important federal questions, including whether Defendants' use of Second Avenue remains protected by the dormant Commerce Clause. Federal jurisdiction is appropriate under these circumstances." Case No. 11-CV-00862-DW, Doc. 128, p. 9 (citations omitted).

The Order also addressed Plaintiffs' contention that federal jurisdiction was lacking because they only sought damages, and "not . . . injunctive relief to prohibit quarry trucks along Second Avenue." Id., p. 10. The Court rejected this argument, and found that "this lawsuit seeks compensatory and punitive damages for many of the same harms considered in the First Federal Action. From a practical perspective—and even though the parties may be different— the claims in this lawsuit could erase the constitutional rights previously adjudicated." Id.

## C.

The Plaintiffs appealed, and the Eighth Circuit reversed. See Baker v. Martin Marietta Materials, Inc., 745 F.3d 919 (8th Cir. 2014). The Eighth Circuit held that Defendants "have not

established that the citizens' state-law tort claims implicate substantial federal issues that would justify removal based on federal-question jurisdiction." Id. at 925. The Eighth Circuit found that Plaintiffs do "not seek the prohibition of truck traffic on Second Avenue but instead seek[] damages for the tortious use thereof. Consequently, whether the citizens' request for punitive damages constitutes the functional equivalent of a prohibitory ordinance barring truck traffic is a question for another day. Suffice it to say that it does not at this time establish the existence of federal-question jurisdiction."[1] Id. at 926. Based on this ruling, the Pending Case was remanded to the Circuit Court of Jackson County, Missouri.

Following remand, the parties engaged in discovery. On December 19, 2014, Defendants once again removed the Pending Case to this Court. Relying on the Eighth Circuit's dicta that "whether the citizens' request for punitive damages constitutes the functional equivalent of a prohibitory ordinance barring truck traffic is a question for another day," Defendants argue "[t]hat day has now come. The depositions of the Plaintiffs reveal that, although Plaintiffs have disclaimed any request for injunctive relief, this action, including the request for punitive damages, is functionally the same as a request for injunctive relief." Doc. 1, p. 2-3. The Plaintiffs now move to remand, and the parties' arguments are addressed below.

## II.

"Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction." Thomas v. United Steelworkers Local 1938, 743 F.3d 1134, 1139 (8th Cir. 2014). If a case filed in state court asserts a federal claim, the defendant may remove the case to federal

---

[1] The parties dispute what the Eighth Circuit meant by the "question for another day" comment, and this Court does not know what the Eighth Circuit was suggesting. That said, the Plaintiffs have requested punitive damages from the outset of this litigation. Therefore, if the request for punitive damages (as opposed to an award) did not trigger jurisdiction "at this time," it is not clear how that request would trigger jurisdiction on "another day." See Baker, 745 F.3d at 926.

court. 28 U.S.C. § 1441(a). A case may also be removed from state court if it asserts "state-law claims that implicate significant federal issues." Baker, 745 F.3d at 924 (citations omitted).

A case that has been remanded for lack of jurisdiction may be removed a second time. See Dalton v. Walgreen Co., 721 F.3d 492, 494 n.2 (8th Cir. 2013) (remanding case but noting in dicta that "[i]t remains to be seen whether this case may become removable in the future"); Benson v. SI Handling Sys., Inc., 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for removal."). The second removal, however, "must be based on new information." Jones v. J.C. Penney Corp., Inc., 2011 WL 4529406, at * 2 (C.D. Cal. Sept. 29, 2011). As explained by the Seventh Circuit, "[m]ultiple removals could encounter problems—could even lead to sanctions—if nothing of significance changes between the first and second tries." Benson, 188 F.3d at 783 (citations and quotations omitted).

### III.

Here, Defendants argue that the Eighth Circuit found a lack of jurisdiction because Plaintiffs represented that they only sought damages and did not attempt to stop truck traffic along Second Avenue. Baker, 745 F.3d at 926 (finding that Plaintiffs do "not seek the prohibition of truck traffic . . . but instead seek[] damages"). After this case was remanded, however, some Plaintiffs were deposed and they expressed a desire to stop such traffic and/or punish it through punitive damages. Doc. 88, p. 7-8, 17, 19. Relying primarily on this testimony, Defendants argue that their second removal is proper. See 28 U.S.C. § 1446(b)(3) (providing that a case not removable by the initial pleading may be removed by the subsequent receipt of "other paper" that shows the case is removable); Atwell v. Boston Scientific Corp., 740 F.3d 1160, 1162 (8th Cir. 2013) (stating that deposition testimony can "satisfy § 1446(b)(3)'s 'other paper' requirement").

As with the first removal, however, the Plaintiffs' complaint still only seeks damages; it does not request injunctive relief or move the Court to bar truck traffic. See Baker, 745 F.3d at 926 (finding lack of federal-question jurisdiction because Plaintiffs "do[] not seek the prohibition of truck traffic on Second Avenue but instead seek[] damages for the tortious use thereof"). Contrary to Defendants' belief, the deposition testimony of some Plaintiffs did not amend the pleadings or otherwise create federal jurisdiction. A.O.A. v. Doe Run Resources Corp., 833 F. Supp. 2d 1126, 1134 (E.D. Mo. 2011) (recognizing that "a case does not become removable because of defendants' actions or because of allegations or arguments made outside of the plaintiffs' complaint").

For example, in McPhatter v. Sweitzer, 401 F. Supp. 2d 468 (M.D.N.C. 2005), the court recognized that the complaint "contains the official allegations of the Plaintiffs. [One Plaintiff's] testimony is mere evidence, which may or may not be admissible, about potential claims he has not pled. It neither relates to nor binds the other Plaintiffs and does not change the court's analysis of whether the case is removable." Id. at 477 n.15 (emphasis in original). Here, Plaintiffs' "official allegations" request damages and not an injunction. The Eighth Circuit concluded that this request did not create federal jurisdiction, and the deposition testimony of (some) Plaintiffs does not alter that conclusion.

On a related point, the arguments presented here are the same or substantially the same arguments previously rejected by the Eighth Circuit. See United States v. Castellanos, 608 F.3d 1010, 1016 (8th Cir. 2010) (stating that "[a]bsent instructions to hold further proceedings, a district court has no authority to re-examine an issue settled by a higher court"); Tierney v. UNUM Life Ins. Co. of Am., 2001 WL 1172182, at * 2 (N.D. Tex. Sept. 28, 2001) (holding that "the information [defendant] claims to have 'unearthed' at its deposition of [plaintiff] did not

provide a new factual basis . . . but rather supported the same facts [defendant] had in its possession at the time of the first removal").

In particular, Plaintiffs correctly argue that "[t]he Eighth Circuit specifically held that any argument by Defendants that Plaintiffs are attempting to re-litigate or undermine matters previously decided by this Court are affirmative defenses and do not constitute grounds for removal. Defendants have ignored this clear language from the Eighth Circuit[.]" See Doc. 82, p. 5; see also Baker, 745 F.3d at 926 ("To the extent that [Defendants'] arguments are more properly characterized as preclusion defenses, such defenses do not constitute grounds for removal"). For these reasons, the Court lacks jurisdiction over this case and it will be remanded, again, to the Circuit Court of Jackson County, Missouri.

**IV.**

Plaintiffs also request attorneys' fees and costs that they incurred because of the improvident removal. Under 28 U.S.C. § 1447(c), a court remanding a case may also "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

In this case—and although it is a close call—the Court concludes that Defendants had an objectively reasonable basis for removing this case. Defendants' primary basis was dicta from the Eighth Circuit along with recent deposition testimony. For purposes of this Order, the Court finds that this was enough to avoid § 1447(c) sanctions. See, e.g., Castillo v. Angelo Iafrate Constr., LLC, 2003 WL 22287637, at * 4 (N.D. Tex. Sept. 30, 2003) (finding that "[i]n light of

some authority . . . albeit dicta, the court determines that Defendants had objectively reasonable grounds to believe that remova[l] was legally proper").

Defendants are warned, however, that sanctions will be issued for any future removal that is deemed improvident. This warning is necessary: (1) because of the Eighth Circuit's prior holding on jurisdiction; (2) to deter Defendants from attempting to involve this Court with any and all future disputes regarding quarry traffic; and (3) to avoid further delay of this case and to preserve judicial resources. See Martin, 546 U.S. at 140 ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."); Wells Fargo Bank, N.A. v. Lombera, 2012 WL 4370362, at * 2 (N.D. Cal. Sept. 24, 2012) (citing prior order which "warned Defendants that 'any future attempts to remove this . . . action again to federal court may result in sanctions'"); Hollier v. Willstaff Worldwide, Inc., 2009 WL 256503, at * 3 (W.D. La. Feb. 3, 2009) ("Enough is enough. As warnings and lesser sanctions in the past have failed to deter . . . the Court is left to consider whether a more major sanction is necessary[.]").

For these reasons, it is hereby ORDERED that:

(1) Plaintiffs' Motion to Remand (Doc. 81) is GRANTED. This case is hereby remanded to the Circuit Court of Jackson County, Missouri; and

(2) No fees or costs shall be assessed against Defendants; and

(3) The Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c); and

(4) The Clerk of this Court is directed to terminate any pending motions, and to then mark this case as closed.

IT IS SO ORDERED.

Date: March 25, 2015                                            _____/s/ Dean Whipple_____
                                                                                Dean Whipple
                                                                                United States District Judge